**Counsel of Record Listed
on the Following Page**

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 2 2007

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM J. HARPER, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.  SACV 07-124 JVS(RNBx)<br><br>The Honorable James V. Selna<br>Courtroom 10C<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br>2. **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br>3. **Failure to Pay Wages of Terminated or Resigned Employees**<br>4. **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**<br>5. **Violations of the Unfair Competition Law**<br>6. **Penalties Pursuant To Labor Code § 2699**<br><br>**DEMAND FOR JURY TRIAL** |



DOCKETED ON CM

NOV - 1 2007

BY

202

1

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Jose Garay (Cal. Bar. No. 200494)
2  **JOSE GARAY, *APLC***
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   Tel.: (949) 260-9193
4  Fax: (949) 260-9194
5
   Roger Carter (Cal. Bar No. 140196)
6  **THE CARTER LAW FIRM**
7  2030 Main Street, Suite 1300
   Irvine, CA 92614
8  Tel.: (949) 260-4737
9  Fax: (949) 260-4754
10
   Scott B. Cooper (Cal. Bar No. 174520)
11 **THE COOPER LAW FIRM, P.C.**
   2030 Main Street, Suite 1300
12 Irvine, CA 92614
13 Tel.: (949) 724-9200
   Fax: (949)724-9255
14
15 Attorneys for Plaintiff, WILLIAM J. HARPER,
   on behalf of himself and all others similarly situated
16
17
18
19
20
21
22
23
24
25
26
27
28

2

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff WILLIAM J. HARPER, on behalf of himself and all others similarly situated, complains of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.     This is a class action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and all non-exempt restaurant employees employed by, or formerly employed by, RED ROBIN INTERNATIONAL, INC., a Nevada Corporation, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "RED ROBIN" or "Defendants"), within the State of California. The non-exempt restaurant employees employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.     For at least four years prior to the filing of this action and through to the present, Defendants consistently maintained and enforced against Defendants' non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

       (a)     Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

       (b)     Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

each workday that the rest period is not provided, as required by California state wage and hour laws;

(c)    With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203; and

(d)    Defendants failed to maintain accurate records of Class Members' earned wages and work periods.

3.    Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to California Labor Code sections 201, 202, 203, 218, 218.6, 221, 226, 226.7, 351, 512, 1194, 1199, and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid rest and meal period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.    Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## II.

## PARTIES

**A. Plaintiff**

5.    Plaintiff WILLIAM J. HARPER is a resident of Orange County, California. At relevant times herein, he was employed by Defendants as a non-exempt employee at RED ROBIN restaurants in Orange County and elsewhere in California.

**B. Defendants**

6.    RED ROBIN is a Nevada Corporation. It owns and operates at least 39 restaurants in the State of California.

///

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

8.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

9.     Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.  On information and belief, Defendant RED ROBIN operates and is doing business as RED ROBIN throughout California and is doing business in Orange County, and each defendant is within the jurisdiction of this Court for service of process purposes.  Defendants operate numerous restaurants in California, many of which are in Orange County, California.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendants employ numerous Class Members in Orange County.

### III.

### FACTUAL BACKGROUND

10.     Plaintiff and the Class Members are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code

and the implementing rules and regulations of IWC California Wage Orders. Defendants hire hourly employees who work in restaurant locations as servers, bartenders, cooks, dishwashers, and other non-exempt positions.

11.    Plaintiff and the Defendants' non-exempt employees were not provided lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)    employees were not provided meal periods for work days in excess of five (5) and/or ten (10) hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 201, 202, 226.7, 512, and applicable Industrial Welfare Commission Wage Orders;

(b)    employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

(c)    employees were severely restricted in their ability to take a meal period; and

(d)    employees were required to "clock out" for a meal period that was not taken by Class Members or permitted by Defendants.

12.    Plaintiff and the Defendants' non-exempt employees were not provided lawful rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)    employees were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)    employees were neither permitted nor authorized to take lawful rest periods.

///

6

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

13.     On information and belief, Plaintiff alleges that he and the Class Members did not waive meal or rest periods during the liability period.

14.     Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members he seeks to represent:

        (a)     failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203; and

        (b)     failing to maintain accurate records of Class Members' earned wages and work periods.

15.     Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay its employees and Class Members in a timely manner all earned wages; nor have Defendants returned to Class Members, upon or after termination of their employment with Defendants, unlawful deductions and penalties due them for having failed to properly provide rest and meal periods.

16.     Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant liability period have employed, over one thousand employees in the State of California in non-exempt positions.

17.     Defendants' non-exempt employees spend the majority of their time doing the following routine, non-discretionary tasks, including but not limited to: cooking, preparing food, bussing tables, waiting on tables, seating patrons, serving food, "expediting" food, washing dishes, and taking orders. These duties occupy more than 50% of the work time.

18.     At all relevant times herein, the named Plaintiff and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

19.     On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

7

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

20.     On information and belief, Plaintiff alleges that Defendants willfully failed to pay the legal wages, failed to provide rest and meal periods during which RED ROBIN'S non-exempt employees were required to work, and willfully failed to pay one hour's wages in lieu of rest and meal periods, when each such employee quit or was discharged.

21.     Defendants have made it difficult to account with precision for the unlawfully withheld wages, meal and rest period compensation owed to Defendants' non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method to record all the unlawful deductions by its employees as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders. Defendants have failed to comply with Labor Code section 226(a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Class Members.  Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

22.     Defendants have failed to comply with Industrial Welfare Commission IWC Wage Order 5-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code section 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

## IV.

## <u>CLASS ALLEGATIONS</u>

23.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to represent two Classes composed of and defined as follows:

8

(a) All persons who are employed or have been employed by Defendants in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided.

(b) All persons who are employed or have been employed by Defendants in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a rest period for every four (4) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided.

24. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

25. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A. <u>Numerosity</u>**

26. The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over one thousand employees in positions as Defendants' non-exempt employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

27. Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief,

Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

**B. Commonality**

28.   There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)   Whether Defendants violated Labor Code sections 226.7 and 512, IWC Wage Orders 5-2000(11), 5-2001(11) or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide a meal period to RED ROBIN'S non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods. Also, whether any applicable waivers were voluntary and willful and not coerced or a condition of employment;

(b)   Whether Defendants violated Labor Code § 226.7 and IWC Wage Orders 5-2000(12), 5-2001(12) or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide daily rest periods to RED ROBIN'S non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods. Also, whether any applicable waivers were voluntary and willful and not coerced or a condition of employment;

(c)   Whether Defendants violated sections 226 and 1174 of the Labor Code and IWC Wage Orders 5-2000(7), 5-2001(7) by failing to

///

10

1    maintain accurate records of Class Members' earned wages and

2    work periods;

3    (d)    Whether Defendants violated section 226 of the Labor Code and

4    IWC Wage Order 5 sub-section (7) by failing to itemize in wage

5    statements all reimbursable expenses and losses and accurately

6    maintain records pertaining to Plaintiff and each Class he seeks

7    to represent;

8    (e)    Whether Defendants violated sections 201-203 of the Labor

9    Code by failing to pay all earned wages and/or premium wages or

10   return unlawfully deducted wages, expenditures or losses, or

11   reimbursements due and owing at the time that any Class

12   Member's employment with Defendants terminated, voluntarily

13   or involuntarily;

14   (f)    Whether Defendants violated section 17200 *et seq.* of the

15   Business and Professions Code by failing to provide meal and

16   rest periods without compensating non-exempt employees one

17   hour's pay for every day such periods were not provided, failing

18   to pay wages and compensation for denied meal and rest period

19   compensation due and owing at the time a Class Member's

20   employment with Defendants terminated, and failing to keep

21   accurate records;

22   (g)    Whether Defendants violated section 17200 *et seq.* of the

23   Business and Professions Code, Labor Code §§ 201-203, 351,

24   226.7, 512, 1194, 1199, 1174, 2802, and IWC Wage Order 5 and

25   other applicable IWC Wage Orders, which violation constitutes a

26   violation of fundamental public policy; and

27   ///

28   ///

11

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

(h)     Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 *et seq.*

**C. Typicality**

29.     The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

32.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///
///
///
///

12

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# V.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Provide Meal Periods or Compensation in Lieu Thereof*

(Lab. Code §§ 226.7, 512)

(Against All Defendants)

33.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

34.   Defendants had a policy and practice of failing to provide lawful duty-free meal periods due, in part, to the rushed and high pressure working environment fostered by Defendants, for days during the liability period on which non-exempt employees work(ed)/work periods in excess of five hours, and Defendants failed to provide compensation in lieu thereof.

35.   By failing to provide meal periods on the days non-exempt employees worked periods in excess of five (5) hours and failing to compensate said employees one hour's wages in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Orders 5-2000(11), 5-2001(11) or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.*

36.   Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive meal periods.

37.   By failing to keep adequate records as required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due Plaintiff and Class Members.

38.   As a result of the unlawful acts of Defendants, Plaintiff and each Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and

13

1  penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7,

2  and 1194, and IWC Wage Orders 5-2000 and 5-2001.

3       39.    WHEREFORE, Plaintiff and the meal period Class he seeks to

4  represent request relief as described herein and below.

5  **Second Cause of Action**

6  *Failure to Provide Rest Periods or Compensation in Lieu Thereof*

7  (Lab. Code § 226.7)

8  (Against All Defendants)

9       40.    Plaintiff incorporates all previous paragraphs of this Complaint as

10  though fully set forth herein.

11       41.    On information and belief, during the rest period liability period,

12  Defendants did not permit or authorize Plaintiff and Class Members to take rest

13  periods.

14       42.    By their failure to provide rest periods for every four hours or major

15  fraction thereof worked per day by non-exempt employees, and failing to provide

16  compensation for such unprovided rest periods, as alleged above, Defendants

17  willfully violated the provisions of Labor Code section 226.7 and IWC Wage Order

18  Nos. 5-2000(12), 5-2001(12), or other applicable IWC Wage Orders.

19       43.    Plaintiff and the Class Members he seeks to represent did not

20  voluntarily or willfully waive rest periods.

21       44.    By failing to keep adequate records as required by sections 226 and

22  1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members

23  and made it difficult to calculate the unpaid rest period compensation (including

24  wages, interest, and penalties thereon) due Plaintiff and Class Members.

25       45.    As a result of the unlawful acts of Defendants, Plaintiff and each Class

26  he seeks to represent have been deprived of premium wages in amounts to be

27  determined at trial, and are entitled to recovery of such amounts, plus interest and

28  ///

1  penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7,

2  and 1194, and IWC Wage Orders 5-2000 and 5-2001.

3       46.    WHEREFORE, Plaintiff and the rest period Class he seeks to represent

4  request relief as described herein and below.

5  **Third Cause of Action**

6  *Failure to Timely Pay Wages Due At Termination*

7  (Lab. Code §§ 201, 202, and 203)

8  (Against All Defendants)

9       47.    Plaintiff incorporates all previous paragraphs of this Complaint as

10  though fully set forth herein.

11       48.    Sections 201 and 202 of the California Labor Code require Defendants

12  to pay their employees all wages due within 72 hours of termination of employment.

13  Section 203 of the Labor Code provides that if an employer willfully fails to timely

14  pay such wages the employer must, as a penalty, continue to pay the subject

15  employees' wages until the back wages are paid in full or an action is commenced.

16  The penalty cannot exceed 30 days of wages.

17       49.    Plaintiff and each Class he seeks to represent are entitled to

18  compensation for all forms of wages earned, including, but not limited to,

19  reimbursement for out-of-pocket expenses, compensation for unprovided rest

20  periods and unprovided meal periods, and/or compensation for unlawful deductions,

21  but to date have not received such compensation, therefore entitling them Labor

22  Code section 203 penalties.

23       50.    More than 30 days have passed since affected Class Members have left

24  Defendants' employ, and on information and belief, they have not received payment

25  pursuant to Labor Code section 203.  As a consequence of Defendants' willful

26  conduct in not paying all earned wages, Plaintiff and certain Class Members are

27  entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to

28  pay legal wages.

51.   Plaintiff and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code § 203 for willful failure to pay one hour's wages in lieu thereof for denied rest and meal periods, together with interest thereon and attorneys' fees and costs.

52.   WHEREFORE, Plaintiff and each Class he seeks to represent request relief as described herein and below.

### Fourth Cause of Action

*Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions*

(Lab. Code §§ 226(b), 1174, 1175)

(Against All Defendants)

53.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

54.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class Members.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and Class Members.

55.   Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees.  On information and belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

56.   IWC Wage Orders 5-2001(7), 5-2000(7), 5-1998(7) require Defendants to maintain time records showing, among other things, when the employee begins

16

1    and ends each work period, meal periods, split shift intervals, and total daily hours

2    worked in an itemized wage statements, and must show all deductions and

3    reimbursements from payment of wages, and accurately report total hours worked by

4    Plaintiff and the Class Members.  On information and belief, Plaintiffs allege that

5    Defendants have knowingly and intentionally failed to comply with these Wage

6    Orders.

7        57.    WHEREFORE, Plaintiff and each Class he seeks to represent request

8    relief as described herein and below.

9                        **Fifth Cause of Action**

10                 *Violation of Unfair Competition Law*

11                 (Bus. & Prof. Code § 17200 *et seq.*)

12                     (Against All Defendants)

13       58.    Plaintiff incorporates all previous paragraphs of this Complaint as

14   though fully set forth herein.

15       59.    On information and belief, Plaintiff alleges that, by their policy of:

16       (a)   requiring employees to work in excess of five (5) hours per day

17             without being provided a meal period and not being compensated

18             one (1) hour of pay at the regular rate (or minimum wage) of

19             compensation for each workday that a meal period was not

20             provided, in violation of California labor laws, regulations, and

21             Industrial Welfare Commission Wage Orders;

22       (b)   requiring employees to work without being provided a minimum

23             ten-minute rest period for every four (4) hours or major fraction

24             thereof worked and not being compensated one (1) hour of pay at

25             their regular rate of compensation for each workday that a rest

26             period was not provided;

27       (c)   failing to pay all earned wages and failing to compensate for

28             unprovided meal and rest periods to Plaintiff and Class Members,

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

under the IWC Wage Orders and under California Labor Code; and

(d)     failing to keep proper records,

Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

60.     The actions of Defendants as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200 *et seq.*

61.     Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

62.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and each Class he seeks to represent.  Defendants should be enjoined from these activities and restore to Plaintiff and the Class Members the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiff is informed and believes, and thereon alleges, that Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the Complaint.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members are prejudiced by Defendants' unfair trade practices.

63.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

64.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

65.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

66.     WHEREFORE, Plaintiff and each Class he seeks to represent request relief as described herein and below and as deemed just.

### Sixth Cause of Action

*Penalties Pursuant to PAGA*

(Labor Code § 2699 *et seq.*)

(Against All Defendants)

67.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

68.     As a result of the acts alleged above, Plaintiffs seeks penalties under Labor Code §§ 2698 and 2699 because of Defendants' violation of Labor Code §§ 201, 202, 203, 226.7, 510, 512, 1194, 1197, and 1199, which call for civil penalties.

69.     For each such violation, Plaintiff and the proposed Class are entitled to penalties in the amount to be shown at the time of trial subject to the following formula:

(a)     $100 for the initial violation per employee per pay period.

(b)     $200 for each subsequent violation per employee per pay period.

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

70. These penalties will be allocated 75% to the Labor Workforce Development Agency ("LWDA") and 25% to the affected employees.

71. Plaintiff sent a certified letter to the LWDA and defendants as prescribed by the Code on August 14, 2007. The LWDA responded in a letter dated September 13, 2007, indicating it does not intend to investigate the allegations. Therefore, Plaintiff may proceed and amend the Complaint to include a claim for penalties pursuant to Labor Code § 2699.

## VI.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of each proposed Class;

3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed class counsel;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

7. That Defendants be ordered and enjoined to make restitution to each Class due to their unfair competition, pursuant to California Business and Professions Code §§ 17203 and 17204;

8. That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

///

///

20

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

9. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

10. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11. For premium pay, wages, and penalties pursuant to Labor Code § 203;

12. For premium wages pursuant to Labor Code §§ 226 and 226.7;

13. For penalties and other relief pursuant to Labor Code § 2699;

14. For attorneys' fees, interest, and costs of suit; and

15. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: October 18, 2007

**Jose Garay, APLC,**
**The Carter Law Firm, and**
**Scott B. Cooper**

By: _____
Scott B. Cooper
Attorneys for Plaintiff, WILLIAM J.
HARPER, on behalf of himself and all others
similarly situated

21

1         I am readily familiar with the firm's practice of collection and processing

2   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

3   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5   thereon fully prepaid in the ordinary course of business.

6         I declare that I am employed in the office of a member of the bar of this court at

7   whose direction the service was made. Executed on October 19, 2007, at Irvine, California.

8

9

10                                Evangeline Granados-Snyder

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1920 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(No.  )
Firmwide:81997247.1 050189.1011

2.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1920 Main Street, Suite 900, Irvine, California 92614. On October 19, 2007, I served the within document(s):

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Jose Garay, Esq.
JOSE GARAY, APLC
2030 Main Street, Suite 1300
Irvine, Ca 92614
Phone: 949-260-9193
Fax: 949-260-9194

Roger Carter, Esq.
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, Ca 92614
Phone: 949-260-4737
Fax: 949-260-4754

Scott B. Cooper, Esq.
2030 Main Street, Suite 1300
Irvine, Ca 92614
Phone: 949-724-9200
Fax: 949-724-9255

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1920 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(No.  )
Firmwide:81997247.1 050189.1011