UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 07-124-JVS (RNBx) <br> SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | William J. Harper, et al. v. Red Robin International Inc., et al. <br> Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:**   (In Chambers) Order re: Plaintiffs' and Intervenors' Fee Applications

      On May 27, 2008, this Court granted final approval of the settlement in this class action and denied Arturo Lopez and Antonio Ojeda's (collectively "Intervenors") motion to intervene.  (Harper case, Docket No. 47.)  In that order, the Court directed Intervenors' and Amicus Counsel, Arias, Ozzello & Gignac, LLP ("Amicus Counsel"), to renotice their application for fees and granted defendant Red Robin International, Inc. ("Red Robin") and plaintiffs William Harper and Matthew Huggett (collectively "Harper") time to respond to that application.  All of these papers were timely filed and the Court now decides both Harper's and the Intervenors' fee applications.

I.    Background

      The Settlement Stipulation allows class counsel to request up to $500,000 in attorneys' fees, which represents 25% of the Gross Settlement Fund, and provides for class litigation costs and expenses in the approximate amount of $20,000. (Carter Decl. ¶ 8; Settlement Stipulation ¶¶ 23(b), (a)(i) n.3.)  Class Counsel request an award of fees in the full amount of $500,000 and costs in the amount of $11,178.70.  (Carter Decl. ¶¶ 10, 15, Ex. E.)

      Amicus Counsel request fees in the amount of $147,171.50, based on a lodestar calculation, and costs in the amount of $31,530.  (Amicus Fee App. pp. 8, 12.)  They break this request down into $82,046.50 in fees accrued during the period in which Amicus Counsel were counsel of record for plaintiff Matthew Huggett ("Huggett"), viz. from April 7, 2006 through September 26, 2007.  (Id. p. 5.)  The remaining $65,125 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx)<br>SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | William J. Harper, et al. v. Red Robin International Inc., et al.<br>Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

fees were accrued after Amicus Counsel withdrew from Huggett's representation, but before Amicus Counsel began representation of the Intervenors. (Id.) Amicus Counsel do not include in their request fees incurred for their representation of the Intervenors. (Id.)

Class Counsel opposes Amicus Counsel's request for fees based on its contention that Amicus Counsel are neither entitled to fees in quantum meruit for the period prior to their withdrawal, nor fees for the period thereafter, because they did not "confer a substantial benefit on the class." (Class Resp. Br. pp. 2-4.)

Harper opposes Amicus Counsel's request for fees only to the extent that it opposes any aggregate fee award that exceeds the $500,000 cap on fees set forth in the Settlement Stipulation. (Harper Resp. Br. p. 1.) The Court agrees that modifying the parties' settlement to raise the cap on fees would be inappropriate. See, Evans v. Jeff D., 475 U.S. 717, 726 (1986) (noting that courts are not authorized "to require the parties to accept a settlement to which they have not agreed").

II.     Legal Standards

   A.     Common Settlement Fund

In cases such as this one, "where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). "This circuit has established 25% of the common fund as a benchmark award for attorney fees." Hanlon, 150 F.3d at 1029. However, "[t]he benchmark percentage should be adjusted, or replaced with a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)

"[A]ttorneys' fees sought under a common fund theory should be assessed against every class members' share, not just the claiming members." Six Mexican Workers, 904 F.2d at 1311; see also, Williams v. MGM-Pathe Communs. Co., 129 F.3d 1026, 1027

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx)<br>SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | William J. Harper, et al. v. Red Robin International Inc., et al.<br>Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

(9th Cir. Cal. 1997) (reversing district court award of fees based on claimed amount of fund as an abuse of discretion). This is because class members' "right to share the harvest of the lawsuit upon [filing a claim] . . . , whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel." Boeing Co. v. Van Gemert, 444 U.S. 472, 480 (1980) (emphasis added).

      B.    Quantum Meruit

"The measure of recovery in quantum meruit is the reasonable value of the services rendered, provided they were of direct benefit to the [client]." Chambers v. Kay, 88 Cal. App. 4th 903, 922 (Cal. App. 2001), aff'd 29 Cal. 4th 142, 161-62 (Cal. 2002) (quoting Palmer v. Gregg, 65 Cal. 2d 657, 660 (Cal. 1967) on quantum meruit recovery in the context of attorneys' fees).

When a client discharges his or her attorney, who was employed under a contingency fee agreement, that attorney "is entitled a quantum meruit recovery for the reasonable value of his services, upon occurrence of [the] contingency . . . whether or not the client had good cause to discharge the attorney." Hensel v. Cohen, 155 Cal. App. 3d 563, 567 (Ct. App. 1984).

On the other hand, "an attorney who withdraws voluntarily without cause forfeits recovery for services performed." Estate of Falco, 188 Cal. App. 3d 1004, 1015 (Cal. App. 1987). Similarly, "if the attorney withdraws because of a good faith belief that the case is meritless, he or she has no claim on any eventual recovery." Rus, Miliband & Smith v. Conkle & Olestein, 113 Cal. App. 4th 656, 672 (Ct. App. 2003).

Rather, "recovery for services in quantum meruit is allowed only when the attorney has *justifiable* cause for withdrawing." Estate of Falco, 188 Cal. App. 3d at 1014 (emphasis original); Rus, Miliband & Smith, 113 Cal. App. 4th at 672-73. When an attorney withdraws based on an ethical rule that mandates withdrawal, he or she is entitled to recover fees in quantum meruit, but has the burden to show that: "(1) counsel's withdrawal was mandatory, not merely permissive, under statute or State Bar rules; (2) the overwhelming and primary motivation for counsel's withdrawal was the obligation to adhere to these ethical imperatives under statute or State Bar rules; (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx) <br> SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | William J. Harper, et al. v. Red Robin International Inc., et al. <br> Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

counsel commenced the action in good faith; (4) subsequent to counsel's withdrawal, the client obtained recovery; and (5) counsel has demonstrated that his work contributed in some measurable degree towards the client's ultimate recovery." Estate of Falco, 188 Cal. App. 3d at 1016, and n.13 (noting that courts may consider additional factors).

Where, as here, an attorney withdraws under a permissive rule, "it is within the discretion of the trial court, with heightened scrutiny consistent with the standards articulated here, to determine whether counsel's withdrawal was justified for the purpose of awarding fees." Id. at 1016 n.12.

III.   Discussion

   A.   Class Counsel's Fee Request

The Court finds that a fee award of $500,000, or 25% of the common fund, to Class Counsel is potentially proper in light of federal precedents. See, Hanlon, 150 F.3d at 1029. Class Counsel has also presented information regarding the hours billed and rates of the attorneys who worked on the case so that the Court can perform a lodestar cross-check. See, Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).

The approximate lodestar fee award for Class Counsel's services in this action would be $299,393.50. (Final App. Br. p. 21; Carter Decl. Ex. A.) Class Counsel arrive at this estimated lodestar by totaling the number of hours expended by the four attorneys who worked on the case and multiplying the total hours by each attorney's rate. (Carter Decl.¶¶ 4-5, 11-14.) The named partners of each of the firms serving as co-Class Counsel logged the overwhelming majority of the time included: Scott Cooper, Esq. of The Cooper Law Firm, P.C., spent 246.1 hours, Jose Garay, Esq. of Jose Garay, APLC, spent 57.4 hours, and Roger R. Carter, Esq. of The Carter Law Firm, spent 62.9 hours. (Carter Decl. Ex. B.) A further 34.2 hours represent time spent by Bianca A. Sofonio, Esq., an associate with The Carter Law Firm. (Id.) Counsel for Huggett, Quintilone & Associates, billed an additional 244.90 hours. (Quintilone Decl. ¶ 5, Ex. A.)

The Court has reviewed the time entries and finds that they are reasonable. Most of Class Counsel's time was invested in investigating the claims, taking depositions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-124-JVS (RNBx)<br>SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
| Title | William J. Harper, et al. v. Red Robin International Inc., et al.<br>Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

preparing for and attending the mediation that resulted in the settlement, preparing the motions for preliminary and final approval of class settlement, and responding to the motion to intervene. (Carter Decl. Exs. B, C.)

Class Counsel's and Quintilone & Associates' rates are between $450-$550 per hour for partners and between $90-$250 for the associates and assistants who worked on the case. (Carter Decl. ¶ 14; Quintilone Decl. ¶ 4.) These rates are reasonable given the prevailing rates for similar services rendered with similar skill experience in the greater Los Angeles area. (Carter Decl. ¶ 14, Ex. D.)

Moreover, the Court finds that the "multiplier" that results from the lodestar cross-check indicates that the fee requested is reasonable. The percentage fee award is equal to the lodestar amount multiplied by 1.67. (Supp. Br. on Fees p. 3.) The Ninth Circuit has noted that multipliers typically range from 1.0-4.0 and that a "bare majority" fall within the range of 1.5-3.0. Vizcaino, 290 F.3d at 1051 n.6.

Further, the Court notes that Class Counsel has borne the risk and cost of the litigation throughout the pendency of the Harper case and the additional burden of the Huggett case since Amicus Counsel's withdrawal in October 2007. Given the "established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases," the Court finds that a premium of 1.67 times the lodestar is appropriate in this case. Vizcaino, 290 F.3d at 1051.

    B.    Amicus Counsel's Fee Request

Amicus Counsel's fee request is based on the theory of quantum meruit. Amicus Counsel seeks fees for services rendered both before and after they withdrew from representation of Huggett in October 2007. (Amicus Fee App. p. 5.)

        1.    Fees Prior to Withdrawal

In order to determine whether Amicus Counsel are entitled to fees incurred before they withdrew from the Huggett case, the Court must ascertain whether, under the fact of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx)<br>SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|

| Title | William J. Harper, et al. v. Red Robin International Inc., et al.<br>Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

this case, they had "justifiable cause [for withdrawal] so as to permit a recovery of compensation." Estate of Falco, 188 Cal. App. 3d at 1015.

Amicus Counsel based their application to withdraw on California Rules of Professional Conduct 3-700(C)(3) and 3-700(C)(6). (See Huggett case, Docket No. 88, pp. 6-7.) Both of these rules provide exclusively for permissive withdrawal. Cal. Rules of Prof'l Conduct 3-700(C)(3), (6); see also, Rus, Miliband & Smith v. Conkle & Olestein, 113 Cal. App. 4th 656, 674 (Ct. App. 2003) (noting that withdrawal under part (C) of Rule 3-700 is permissive). Contrary to Amicus Counsel's representation, they were in no way "forced" to withdraw. (Amicus Fee App. p. 12.)

Since Amicus Counsel's withdrawal was permissive, whether it "was justified for the purpose of awarding fees" is subject to the Court's "heightened scrutiny." Estate of Falco, 188 Cal. App. 3d at 1016, n.12.

Here, Amicus Counsel's application to withdraw was based on its belief that "the proposed settlement . . . , as ratified by Mr. Huggett, [was not] reasonable and fair to those absent class members." (Huggett case, Docket No. 88, p. 6.) Amicus Counsel presented their views on the settlement's infirmities, including that a claims-made settlement is inappropriate in a wage and hour case such as this one, at the hearing on the final approval of the settlement and in its amicus brief. (See, Huggett case, Docket No. 94.) The Court rejected each of these arguments in its order approving the class settlement. (Harper case, Docket No. 47 pp. 15-18.)

Now that the settlement has been approved, Amicus Counsel wish to benefit from the settlement they strongly opposed by recovering fees. In light of the fact that this Court rejected Amicus Counsel's reasons for objecting to the settlement, and that those were the same as the reasons that justified its withdrawal from the Huggett case, the Court finds that these reasons were insufficient justification for that withdrawal in the context of a fee application.

Further, the rules on which Amicus Counsel premised their application for withdrawal do not indicate sufficiently "compelling" reasons to permit recovery of pre-withdrawal fees. Rus, Miliband & Smith, 113 Cal. App. 4th at 676. Rule 3-700(C)(3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx) <br> SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | William J. Harper, et al. v. Red Robin International Inc., et al. <br> Mathew Huggett, et al. v. Red Robin International Inc., et al. | | |

cites "[t]he inability to work with co-counsel" as permitting withdrawal, and 3-700(C)(6) is merely a catch-all category for withdrawal when "the [Bar] member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof'l Conduct 3-700(C)(3), (6).

Moreover, as noted above, Amicus Counsel have not demonstrated that their work "contributed in some measurable degree towards the [class's] ultimate recovery." Estate of Falco, 188 Cal. App. 3d at 1016. The Court notes that Huggett's counsel, Quintilone & Associates, filed the complaint in that case and that Amicus Counsel joined several months afterward. (Huggett case, Docket No. 30.) Further, by refusing to proceed with the mediation as long as the settlement was to be distributed on a claims-made basis, Amicus Counsel detracted from, instead of contributing to, the ultimate outcome for the class. (Hon. Infante Decl. ¶ 4.)

### 2. Fees After Withdrawal

The Court also denies Amicus Counsel's request for fees incurred after they withdrew from the Huggett case on October 22, 2007. At that point, Amicus Counsel was involved in the matter solely in opposition to the parties' settlement, even if their representation of the Intervenors did not commence until several months later.

Objectors are not entitled to fees, "[i]n the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement." Vizcaino, 290 F.3d at 1052. Amicus Counsel's efforts did not result in any material modifications to the parties' Settlement Stipulation or benefit to the Class under that settlement. Despite Amicus Counsel's repeated claims to the contrary, the fact that Red Robin will pay the employer's portion of the taxes for both claimants who are current employees and those who are former employees was part of the parties' agreement from its inception and was not a benefit achieved for the Class by Amicus Counsel. (Amicus Fee App. pp. 1, 8, 12; Pltf's Opposition to Mot. to Intervene, Ex. A, ¶ 4.)

Accordingly, the Court finds that Amicus Counsel are not entitled to fees incurred after October 22, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-124-JVS (RNBx) SACV 06-181 JVS (RNBx) | Date | June 27, 2008 |
|---|---|---|---|

| Title | William J. Harper, et al. v. Red Robin International Inc., et al. Mathew Huggett, et al. v. Red Robin International Inc., et al. |
|---|---|

For these reasons, the Court declines to award attorneys' fees to Amicus Counsel.

IV.   Conclusion

Accordingly, the Court awards Class Counsel and counsel for Huggett a total of $500,000 in fees and denies Amicus Counsel's application in its entirety.

Additionally, the Court approves Class Counsel's request for costs and declines to award Amicus Counsel any costs for the reasons discussed above.[1]

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[1] The Court also notes that Amicus Counsel's request for $31,530 is unsupported. (Amicus Fee App. p. 11.) Amicus Counsel's documented costs total $16,052.70. (Arias Decl. Ex. B. p. 50.)